**Sherrill F. PERRY, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 01–1061.

United States Court of Appeals, District of Columbia Circuit.

Jan. 22, 2002.

Before GINSBURG, Chief Judge; RANDOLPH, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This case was heard on the record from the Railroad Retirement Board and on the briefs and arguments by counsel. It is

ORDERED and ADJUDGED that the petition for review be DENIED. Under the applicable Board regulation, a "person who ... visits a Board office stating that he or she wishes to file for [a disability] annuity ... but puts off filing because of an action or lack of action by an employee of the Board, can establish a filing date based on that oral notice" provided certain conditions are met. 20 C.F.R. § 217.21. In this case, it is not even necessary to determine whether Perry meets the relevant conditions because the Board's conclusion that Perry "fail[ed]" to "express[ ] an intent to file for [a disability] annuity" is supported by substantial evidence in the record. *See Reed v. R.R. Ret. Bd.*, 145 F.3d 373, 375 (D.C.Cir.1998) (reviewing Board fact-findings for "substantial evidence.") Perry's memory of his visit to the Board's office is hazy at best. He testified that after his visit to the Board office, he was left with the "impression" that both disability and sickness benefits were discussed and that "maybe" he got the idea that he ought not file for a disability annuity from a conversation with a Board employee. At the very most, this testimony establishes that Perry may have discussed the subject of a disability annuity not that Perry actually expressed an intent to file for a disability annuity.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-

hearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.